J. GLENN DUNN, Plaintiff-Appellant, v. LANDIS L. SHEPHERD, d/b/a SHEPHERD INSURANCE AGENCY, INC., Defendant-Appellee.

(No. 74-253;

Fifth District—February 11, 1975.

Hanagan, Dousman & Giamanco, of Mt. Vernon (Paul D. Giamanco, of counsel), for appellant.

Cochran & Harrison, of Fairfield, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Wayne County, Illinois, rendered following a bench trial. J. Glenn Dunn, plaintiff-appellant, commenced an action to declare a restrictive covenant in a contract between him and the defendant-appellee, Shepherd Insurance Agency, Inc., unenforceable, for an injunction against defendant's interference with his sale of insurance and for money damages. Defendant denied plaintiff's right to relief, and in a counterclaim asked to have plaintiff enjoined from violating the restrictive covenant and for compensatory and punitive damages. The court entered judgment against plaintiff and for defendant, granting defendant's prayer for an injunction against the plaintiff but denying both compensatory and punitive damages. The defendant did not cross-appeal.

Plaintiff entered into a series of three employment contracts with defendent, each of which contained a covenant not to compete in the event employment was terminated. In the last of these contracts the plaintiff agreed that in the event his employment terminated for any reason he would not solicit insurance orders from defendant's customers nor would he engage in the business of selling or serving any type of insurance in any capacity within the confines of Wabash, Edwards, Wayne and Lawrence (Counties), Illinois and Gibson and Knox Counties, Indiana, for a period of 5 years from the date of termination.

■■ This is one of a large number of cases which have come before the courts of Illinois since before the turn of the century in which the validity of a covenant not to compete has been considered. The law is well established that such covenants can be enforced. This case, as have most of the others, simply presents to the court a consideration of whether or not the facts either do or do not justify enforcement of the covenant under the rules which have been developed. Briefly, the conditions for supporting a covenant are:

1. That the time limitation be reasonable;
2. That the geographical limitation be reasonable;
3. That trade secrets or confidential information be in the possession of the promisor;
4. That the restriction not go beyond that necessary for the protection of a legitimate business interest;

5. That the covenant not be against public policy in denying to the public service of a kind which is needed.

■■ In the instant case we find that the time and geographical limitations are reasonable in view of the nature of defendant's business; that a public policy question is not involved; that plaintiff obtained information about defendant's policy holders and the expiration dates of their policies; that such information has commercial value and when used by plaintiff would work to the detriment of defendant; and that the restriction does not go beyond the bounds necessary to protect a legitimate business interest.

We find no errors of law in this appeal. After reviewing the authorities cited by both parties, we find present those elements of Illinois Supreme Court Rule 23 (Ill. Rev. Stat. 1973, ch. 110A, par. 23) authorizing a memorandum opinion. Therefore, in accordance with Supreme Court Rule 23, we affirm the judgment of the Circuit Court of Wayne County.

Affirmed.

G. MORAN and KARNS, JJ., concur.